UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD MARKS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JERRY HOWELL, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:19-cv-01364-RFB-NJK<br><br>**ORDER** |

　　　　This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  On August 12, 2019, this Court issued an order directing Plaintiff to file a fully complete Application to Proceed *In Forma Pauperis* on this Court's approved form and attach an inmate account statement for the past six months and a properly executed financial certificate or pay the full filing fee of $400 no later than September 11, 2019.  (ECF No. 3 at 2).  Thereafter, on September 6, 2019, October 7, 2019, and November 25, 2019, Plaintiff filed three Motions for Extensions of Time because he had not received his financial attachments from the Nevada Department of Corrections ("NDOC").  (ECF Nos. 4, 6, and 8).  The Court granted these motions.  (ECF Nos. 5, 7, 9).  Further, in its most recent order of December 5, 2019, this Court afforded Plaintiff an opportunity to submit an <u>affidavit</u> detailing the efforts he took to acquire a financial certificate and an inmate account statement from prison officials, along with the first three pages of the Application to Proceed *In Forma Pauperis* on this Court's approved form, no later than January 6, 2020.  (ECF No. 9 at 2-3)

　　　　On January 2, 2020, Plaintiff filed a motion seeking a copy of his civil rights complaint (ECF No. 10), however, Plaintiff did not respond to any of the Court's orders set forth in the Court's December 5, 2019, order.  As such, the January 6, 2020 deadline has now expired, and Plaintiff has not filed a fully complete Application to Proceed *In Forma Pauperis* on this Court's approved form, or filed the first three pages of the

Application to Proceed *In Forma Pauperis* and an affidavit detailing the efforts he took to acquire a financial certificate and inmate account statement from prison officials, or paid the full $400 filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

in filing a pleading ordered by the court or prosecuting an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file a fully complete Application to Proceed *In Forma Pauperis* on this Court's approved form, or file the first three pages of the Application to Proceed *In Forma Pauperis* and submit an affidavit detailing the efforts he took to acquire a financial certificate and inmate account statement from prison officials, or pay the full $400 filing fee no later than January 6, 2020, stated: "IT IS FURTHER ORDERED that, if Plaintiff does not timely comply with this order, the Court will dismiss this case without prejudice."  (ECF No. 9 at 3).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a fully complete Application to Proceed *In Forma Pauperis* on this Court's approved form, or file the first three pages of the Application to Proceed *In Forma Pauperis* and submit an affidavit detailing the efforts he took to acquire a financial certificate and inmate account statement from prison officials, or pay the full $400 filing fee no later than January 6, 2020.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to file a fully complete Application to Proceed *In Forma Pauperis* on this Court's approved form, or file the first three pages of the Application to Proceed *In Forma Pauperis* and submit an affidavit detailing the efforts he took to acquire a financial certificate and inmate account statement from prison officials, or pay the full $400 filing fee in compliance with this Court's December 5, 2019, order.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a copy of his civil rights complaint (ECF No. 10) is **DENIED** as moot.  Plaintiff is advised there is a per page charge

for copy work. Copies produced from an electronic format (CM-ECF) are $0.10 per page; copies produced from a physical format are $0.50 per page. The Court cannot provide copies or mailing service for parties, even indigent plaintiffs proceeding *in forma pauperis.* If Plaintiff wishes to receive copies of electronically filed documents from the Court, the cost is $0.10 per page. D. Nev. Civ. R. IC 1-1(i)(5); 28 U.S.C. § 1914.

DATED: July 1, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE